A96A2438. C & F BONDING COMPANY v. STATE OF GEORGIA.
(480 SE2d 240)

BLACKBURN, Judge.

C & F Bonding Company (C & F) appeals from the trial court's order forfeiting an appearance bond on which C & F was surety. When the principal on the bond, Leighton Bernard Eccleston, failed to appear in court to answer criminal charges returned against him by a DeKalb County grand jury, a bench warrant was issued for his arrest. C & F could not produce Eccleston, and following a hearing, the trial court forfeited Eccleston's bond in the amount of $66,050. C & F asserts that the trial court erred in forfeiting the bond.

At the forfeiture hearing, the managing investigator of C & F testified that the bond in question was issued by Dodry Mason, an employee of C & F.[1] Mason was authorized by C & F to write bonds,

---

[1] Mason is referred to by various first names throughout the record, but was identified

and had a power of attorney from C & F for that purpose. Acting in this capacity, Mason issued a bond for Eccleston in the amount of $66,050. However, according to C & F, after issuing the bond, Mason failed to do the appropriate paperwork in connection with the bond, and also failed to transmit the money and the paperwork from the bond to C & F. Therefore, C & F maintains that it was completely unaware of the bond until it received notification of the bench warrant. C & F argues that because Mason failed to notify C & F of the bond and presumably absconded with the bond fee, he was acting for himself, and not as an agent of C & F in the handling of this bond and, therefore, forfeiture was not authorized. While Mason may not have been authorized to abscond with the bond fee, if indeed he did so, such matter is between C & F and its agent and does not affect the validity of the bond, as he was authorized to issue same on behalf of C & F.

Mason was clearly acting within his authority as the agent of C & F in issuing the bond by which C & F is bound. See OCGA § 10-6-1. And, as OCGA § 10-6-51 provides, "[t]he principal shall be bound by all the acts of his agent within the scope of his authority." The issuing of bonds was clearly within the scope of Mason's authority. The power of attorney granted by C & F to Mason illustrates: "[C & F] does hereby constitute and appoint D. Mason [a]ttorney in fact with power to sign bonds, to deliver said bonds as surety. The execution of such bonds shall be binding upon the [corporation]."

Further, C & F stated at the forfeiture hearing: "We stipulate that the bond was issued by A. C. Mason, acting as agent on behalf of C & F"; and "[t]hat a bond was issued by [C & F] in the amount of $66,050." Because Mason was acting within the scope of his authority as agent for C & F when he issued the bond to Eccleston, C & F is bound by that bond. OCGA § 10-6-51. As Eccleston failed to appear, it was not error to forfeit the bond.

C & F could not reasonably have expected to prevail on appeal of the enforcement of the bond, the validity of which it acknowledged, and therefore we assess a $500 penalty for frivolous appeal pursuant to Court of Appeals Rule 15 (b). The trial court is directed to enter a judgment for the State in this amount against C & F upon return of the remittitur.

*Judgment affirmed and remanded with direction. Birdsong, P. J., and Beasley, J., concur.*

as Dodry Mason by Harold Dotson, the managing investigator of C & F. We therefore will refer to him by this name.

DECIDED JANUARY 3, 1997.

*Joseph P. Hancock*, for appellant.

*J. Tom Morgan, District Attorney, Desiree S. Peagler, Assistant District Attorney*, for appellee.